Ye v. Sessions

BIA
A097 660 096

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT:
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
    *Circuit Judges.*

_____

FARUI YE, AKA DAVID SE HO KIM,
    *Petitioner,*

v.                                              16-1991
                                                NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Jay Ho Lee, Jay Ho Lee Law Offices LLC, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Farui Ye, a native and citizen of the People's Republic of China, seeks review of a June 3, 2016 decision of the BIA, denying Ye's motion to reopen. *In re Farui Ye,* No. A097 660 096 (B.I.A. June 3, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Ye asserted that conditions for Christians had worsened in China, excusing the untimely filing of his motion and demonstrating his prima facie eligibility for asylum based on his conversion to Christianity in the United States. It is undisputed that Ye's 2016 motion to reopen was untimely filed more than 9 years after his removal order became final in 2006. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought

2

to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Ye failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, reports from the U.S. Department of State demonstrate that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups since before Ye's 2004 hearing. Ye's evidence further demonstrates that the treatment of unregistered religious groups varies widely from region to region, and it does not reveal increased persecution of members of unregistered Christian groups in Ye's home province. *See*

3

*Jian Hui Shao*, 546 F.3d at 142, 149; *cf.* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality").

Accordingly, because the BIA reasonably found that Ye did not demonstrate a material change in conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). We do not reach the BIA's alternative basis for denying Ye's motion—his failure to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Nor have we considered Ye's ineffective assistance of counsel claim, which he has not raised in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4